IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.  05-cv-00374-RPM
Civil Action No.  05-cv-00835-RPM

VALLEY FORGE INSURANCE COMPANY, and
ZURICH AMERICAN INSURANCE COMPANY, successor in interest to
Zurich Insurance Company (U.S. Branch),

    Plaintiffs,

v.

HEALTH CARE MANAGEMENT PARTNERS, LTD.,
d/b/a O'HARA REGIONAL CENTER FOR REHABILITATION;
ORCR, INC., d/b/a O'HARA REGIONAL CENTER FOR REHABILITATION;
SOLOMON HEALTH MANAGEMENT, LLC, d/b/a SOLOMON HEALTH SERVICES, LLC;
HERSCH "ARI" KRAUSZ;
DAVID SEBBAG and
V. ROBERT SALAZAR,

    Defendants.
_____

## ORDER FOR RECOUPMENT OF LITIGATION COSTS
_____

In this civil action Valley Forge Insurance Company (Valley Forge) and Zurich American Insurance Company (Zurich American) sought a declaratory judgment that their respective insurance policies did not provide coverage for any of the claims asserted by the United States of America and the State of Colorado against the individuals and entities named as defendants herein in Civil Action No. 04-cv-02340-REB-BNB in the United States District Court for the District of Colorado.  By this Court's Order on Motions, entered July 20, 2006, the plaintiffs prevailed on their claims of no coverage.  The judgment finding no duty to defend or indemnify those claims was certified for immediate appeal under Fed.R.Civ.P. 54(b) and the Tenth Circuit Court of Appeals affirmed that ruling on June 18, 2008.

The plaintiffs now seek recoupment of the costs and expenses, including attorney fees they paid in defending the underlying action before this Court's order. The insurance companies now move for summary judgment for the recovery of their payments and the defendants have filed opposition in cross motions for summary judgment.

There is no dispute that Valley Forge and Zurich undertook the obligation to provide counsel to represent the defendants in the underlying case pursuant to reservation of rights letters after the denial of coverage. The procedure filed by the insurance companies in this case is that directed by the Colorado Supreme Court in *Hecla Mining Co. v. New Hampshire Ins. Co.,* 811 P.2d 1083 (Colo. 1991) and *Cotter Corp. v. American Empire Surplus* Lines Ins. Co., 90 P.3d 814 (Colo. 2004). The defendants have cited contrary authority, from other jurisdictions, including *General Agents Ins. Co. of American v. Midwest Sporting Goods Co.,* 828 N.E.2d 1092 (2005). There is nothing to suggest that the Colorado Supreme Court would now change this well established policy in the State of Colorado which companies are entitled to follow in determining the manner in which to proceed where coverage is claimed and denied.

To hold that the insuring companies may not recover their costs in this situation would, in effect, provide the very coverage that was denied.

The defendants challenge the reasonableness of the amounts requested and have submitted the affidavit of attorney Scott L. Levin, outlining the factual questions that may be raised in determining whether separate law firms were required for the representation provided to the groups of defendants in the underlying lawsuit and whether the amounts paid for fees and other expenses are reasonable.

The plaintiffs have provided detailed documentation to support the claims and there is nothing to suggest that the insurance companies' reliance on the professional opinions of retained counsel that conflicts or potential conflicts required separate representation and there is nothing to suggest that the companies were careless or unreasonable in making payments as billed by counsel and vendors.

The plaintiffs seek prejudgment interest, claiming that the payments made should be considered amounts wrongfully withheld. That contention is rejected. The recovery is for the reimbursement of out of pocket costs. No interest is allowed.

Having now determined that the plaintiffs have the legal right to recovery and that they have fully supported the amounts claimed by the exhibits submitted, it is now

ORDERED that judgment shall enter awarding recovery to Valley Forge and against the named defendants as follows:

(1) against Health Care Management Partners, Ltd., d/b/a O'Hara Regional Center for Rehabilitation, ORCR, Inc. d/b/a O'Hara Regional Center for Rehabilitation, Inc., Ari Krausz, and David Sebbag, joint and severally, in the amount of $811,863.57;

(2) against Solomon Health Management, LLC d/b/a Solomon Health Services, LLC, in the amount of $447,926.05; and

(3) against V. Robert Salazar in the amount of $139,124.03.

IT IS FURTHER ORDERED that judgment will enter for the plaintiff Zurich against named defendants as follows:

(1) against V. Robert Salazar in the sum of $121,266.93;

(2) against Solomon Health Management LLC, d/b/a Solomon Health Services LLC in the sum of $389,995.61; and

(3) against Health Care Management Partners, Ltd., d/b/a O'Hara Regional Center for Rehabilitation, ORCR, Inc., d/b/a O'Hara Regional Center for Rehabilitation, Inc., Hersch "Ari" Krausz and David Sebbag, joint and severally, in the sum of $825,506.87.

DATED:  May 28th, 2009

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge